UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                                     :
MALIBU MEDIA, LLC,                               :
                                                                                     :   Case No. 5:19-CV-975
                                Plaintiff,                 :   (NAM/ML)
v.                                                                            :
                                                                                     :
RICARD ROSELLO,                                :
                                                                                     :
                               Defendant.             :
------------------------------------------------------------ X

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56 hereby moves for the entry of an order striking the Affirmative Defenses filed by Defendant, John Doe subscriber assigned IP address 173.56.118.179 ("Defendant"), and files this memorandum in support.

### I. INTRODUCTION

Defendant's Answer was filed on June 6, 2020 asserting five (5) Affirmative Defenses against Plaintiff's Original Complaint. *See,* Answer, CM/ECF 34, and Original Complaint, CM/ECF 1. Defendant's Affirmative Defenses are insufficient and/or improper for the reasons stated herein. The defenses should be stricken pursuant to Fed. R. Civ. P. 12(f) because the defenses are barebone and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses. Indeed, the lack of facts and legal theories does not provide Plaintiff with even the most basic notice. Defendant's defenses also fail as a matter of law. For the foregoing reasons, as set forth below, Plaintiff respectfully requests the Court strike Defendant's affirmative defenses.

## II.    LEGAL STANDARD

The Federal Rules provide that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal courts enjoy broad discretion in granting motions to strike, but courts 'should not tamper with the pleadings unless there is a strong reason for so doing.'" *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 2014 U.S. Dist. LEXIS 112437, *6 (S.D.N.Y. Aug. 12, 2014) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

To prevail on a motion to strike an affirmative defense, the plaintiff must show that "'(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" *Bernstein v. Mount Ararat Cemetery Inc.,* No. 11–CV–0068, 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012) (quoting *Houston v. Manheim–New York,* No. 09–CV–4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)).

"In order for a court to strike a defense as insufficient: '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; *and* (3) the plaintiff must be prejudiced by the inclusion of the defense.'" *Id.* (quoting *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010))(emphasis added). "Inclusion of these invalid defenses risks prejudice to a plaintiff due to increased time and expense of litigation." *Id.* (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999)); *Fedex Ground Package Sys.*, 2017 U.S. Dist. LEXIS 21188, at *6 ("In evaluating the third prong, the Court may consider whether inclusion of the legally insufficient defense would needlessly increase the 'time and expense of trial' or 'duration and expense of litigation.'").

"As to the standard of particularity, 'neither the Second Circuit nor any other Circuit Court of Appeals has ruled on the applicability of the [12(b)(6)] *Twombly/Iqbal* standard to affirmative defenses' and district courts within this Circuit remain divided as to this question." *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 2016 U.S. Dist. LEXIS 165511, *20 (S.D.N.Y. Nov. 21, 2016) (citing *Tardif v. City of N.Y.*, 302 F.R.D. 31, 33 (S.D.N.Y. 2014)). "[T]his Court finds that *Twombly* applies here at least to emphasize the importance — recognized at least 16 years ago by the *Shechter* court — of providing the plaintiff with fair notice, buttressed by sufficient facts, of the affirmative defenses that the defendant intends to assert; thus allowing the plaintiff an opportunity to knowledgeably respond." *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012). "[W]hether or not *Twombly* necessarily applies to affirmative defenses, it at least reaffirms the proposition that talismanic pleading is not to be abided. This is what the alternative rule encourages: the inefficient practice of defense counsel formulaically reciting every conceivable affirmative defense, no matter how remote the chance that it might apply." *Id*.

### III.  ARGUMENTS

Defendant's affirmative defenses lack merit and no question of fact or substantive law will provide for their success. To the contrary, precedent from this and sister jurisdictions has foreclosed many of these legal avenues. Increased time and expense of litigation may constitute sufficient prejudice to strike an affirmative defense. *Coach, Inc.,* 756 F.Supp.2d at 425; *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990) ("Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.").  For the following reasons, this Court should strike Defendant's affirmative defenses.

**A. Defendant's First Affirmative Defense (Statute of Limitations) Should be Stricken**

Defendant's First Affirmative Defense states nothing more than "Plaintiff's Complaint is bared in whole or in part by the applicable statutes of limitations." *See* Answer, p. 2 ¶ 15.  This defense lacks any merit and should be stricken to eliminate the delay and unnecessary expense of litigating the invalid claim.

Indeed, Plaintiff has been vigilant in pursuing its claims against Defendant within the three-year window provided by the Copyright Act.  *See Petrella v. MGM*, 572 U.S. 663, 667 134 S. Ct. 1962 (2014).  "Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc*., 748 F.3d 120, 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)) *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13CIV816WHPGWG, 2016 WL 3176620, at *6 (S.D.N.Y. June 6, 2016), report and recommendation adopted in part, rejected in part, No. 13CV816, 2016 WL 5092593 (S.D.N.Y. Sept. 19, 2016).  As shown in Exhibit A to Plaintiff's Complaint [CM/ECF 1-1], this claim was brought within the applicable statute of limitations.  Therefore, Defendant's Affirmative Defense alleging that Plaintiff's claims are barred by the applicable limitations period should be stricken.

Plaintiff has adequately pled both elements. First, Plaintiff owns certificates of registration from the Copyright Office in the copyrighted works at bar. The certificates "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Malibu Media, LLC v. Knight*, 2013 U.S. Dist. LEXIS 195893, *7 (M.D. Fla. May 9, 2013). Defendant's Motion has not called into question the validity of these certificates.

Second, Plaintiff sufficiently alleged copying of copyrightable elements. Plaintiff's Amended Complaint describes in detail Plaintiff's methods for discovering BitTorrent infringers

as well as how it detects and records Defendant's infringement. (CM/ECF 14, at ¶¶ 11–26). The Amended Complaint ultimately concludes, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B." *Id.* at ¶ 24. This level of information far surpasses the low bar set by *Iqbal* and *Twombly* for Rule 12(b)(6). *See e.g.*, *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 99332, *9 (S.D.N.Y. July 16, 2013) (noting that Plaintiff's adequately pled a claim for copyright infringement.)

Further, Court's addressing these issues find that Plaintiff's complaints state a plausible claim for relief. *See e.g. In re Malibu Media Copyright Infringement Litig.,* No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at *11-12 (N.D. Cal. Mar. 10, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Media, LLC v. Bowser*, No. 5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at *8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at *4 (E.D. Pa. 2013) ("Accepting all factual allegations in the Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement.").

Therefore, Defendant's First Affirmative Defense should be stricken.

### B. Defendant's Second Affirmative Defense (Conditions Precedent) Should be Stricken

Defendant's Second Affirmative Defense simply states " Plaintiff's Complaint is barred in whole or in part for failure to meet statutory conditions precedent to suit."   *See* Answer, p. 3 ¶ 16.  Notably, Defendant fails to provide even bare bones details of what conditions precedent are alleged to have not been met.  To be sure, a certificate of copyright registration is the only prerequisite to asserting a civil copyright infringement claim.  17 U.S.C. § 411(a).  The Copyright Act requires that an "application for copyright registration shall be made on a form prescribed by the Register of Copyrights and shall include ... the name ... of the author or authors [of the work]." *Id.* § 409(2); *Sohm v. Scholastic Inc.,* 959 F.3d 39, 53 (2d Cir. 2020).  The Copyright Act does not include any other specific precondition that must be met prior to initiating suit for infringement of copyright.  Plaintiff has pled that it possesses valid certificates of registration for each of the movies infringed by Plaintiff in the Complaint. Thus, Plaintiff has satisfied all conditions precedent and, as such, Defendant's baseless Affirmative Defense citing failure to meet conditions precedent fails as a matter of law and should be stricken.

### C. Defendant's Third Affirmative Defense (Copyright Misuse) Should be Stricken

Defendant's Third Affirmative Defense states that "Plaintiff's claims are barred in whole or in part on the grounds of misuse of copyright b (sic) the copyright owner." *See* Answer, p. 3, ¶ 17. The defense of copyright misuse prevents a copyright owner from recovering for infringement where [it] has impermissibly extended the copyright monopoly in a manner which constitutes an unreasonable restraint of trade." *Interscope Records v. Kimmel*, No. 307-CV-0108, 2007 WL 1756383, at *5 (N.D.N.Y. June 18, 2007) (citing *Coleman v. ESPN, Inc.,* 764 F.Supp. 290, 295 (S.D.N.Y.1991)).   Copyright misuse, however, "is not firmly established" as

an affirmative defense in the Second Circuit, and it is unsettled whether the defense is applicable absent a violation of the antitrust laws. *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 428 (S.D.N.Y. 2010) (citing *Shady Records, Inc. v. Source Enters., Inc.,* 2005 WL 14920, at *15 (S.D.N.Y. Jan. 3, 2005)) (citing *Reliability Research Inc. v. Computer Assocs. Intn'l, Inc.,* 793 F.Supp. 68 (E.D.N.Y.1992)).

The doctrine of copyright misuse is intended to prevent abuse of the Copyright Act's public policy of promoting the progress of science and arts. *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 973–75 (4th Cir. 1990). The defense applies when a copyright is used in a manner that "unduly restrains competition" and generally can succeed only when the copyright owner has "engaged in some form of anti-competitive behavior." *Thomas M. Gilvert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 536–37 (E.D. Va. 2008); *see also Costar Grp., Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 708 (D. Md. 2001) ("Basically, this defense is an assertion that the copyright holder is using his copyright 'to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant.'" (citing *Lasercomb*, 911 F.2d at 977)). The defense is "rarely asserted" in response to a claim of copyright infringement. *Id.*

Here, Defendant claims that a copyright misuse affirmative defense is viable, yet Defendant does not and cannot allege that Plaintiff engages in any anti-competitive behavior or otherwise seeks to secure an exclusive right or limited monopoly not authorized by the Copyright Office. Even if Defendant's baseless assertion were correct—and it most definitely is not—Defendant's assertion do not support implication of a copyright misuse defense, as Plaintiff's lawsuit is authorized by the Copyright Act, and Defendant "has not alleged that Plaintiff engaged in any anti-competitive behavior or otherwise tried to secure exclusive rights not authorized by the

copyright office." *Alfred Popp*, No. 1:14-cv-00700-GBL-JFA, CM/ECF 20 (E.D. Va. April 13, 2015). To be sure, it is for this reason that Courts regularly strike this identical affirmative defense in identical contexts. *See, e.g.*, *Id.* (striking copyright misuse defense in identical context explaining "[t]he Court holds that the copyright misuse affirmative defense is insufficient as a matter of law because Defendant fails to allege that Plaintiff engaged in any action to secure exclusive right to discourage competition."). Therefore, Defendant's Third Affirmative Defense should be stricken.

### D. Defendant's Fourth Affirmative Defense (Innocent Infringement/Lack of Knowledge) Should be Stricken

For his Fourth Affirmative Defense, Defendant claims that "Defendant had no reason to believe that any of the alleged work or works were copyrighted." *See* Answer p. 3 ¶ 18. The burden for this affirmative defense is on the defendant to establish that any infringement was innocent. Although "it is not sufficient for a defendant merely to claim such innocence, and then rely upon the plaintiff's failure to disprove the claim," 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.04[B][2][a], at 14–40 (1989). It is important to note that "innocent infringement does not absolve the defendant of liability under the Copyright Act." *Fitzgerald Publishing Co. v. Baylor Publishing Co.,* 807 F.2d 1110, 1117 (2d Cir.1986). While Defendant's defense is bare bones and contains no facts to allow Plaintiff to understand the nature of the defense, to the extent that such a defense is relied upon due to the alleged absence of a copyright notice, "[t]he mere absence of a copyright mark is not sufficient to establish innocent infringement. *D.C. Comics Inc. v. Mini Gift Shop,* 912 F.2d 29, 35 (2d Cir. 1990). In fact, "there is no basis to believe that the mere availability of Malibu's content on BitTorrent would have given Doe the impression that the content was unprotected by copyright law or that its downloading and

redistribution was legal." *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 77929, *9 (N.D. Ill. June 9, 2014).

Since Defendant's Affirmative Defense provides no direct or inferential allegations as to any elements the defense asserts, Defendant's Fourth Affirmative Defense should be stricken.

### E. Defendant's Fifth Affirmative Defense (Fair Use) Should be Stricken

For his Fifth Affirmative Defense, Defendant claims that "Plaintiff's Complaint is barred in whole or in part under the fair use doctrine." *See* Answer, p. 3 ¶ 20. The "ultimate test" of fair use is whether the progress of human thought "would be better served by allowing the use than by preventing it." *Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 262 (4th Cir. 2019) citing *Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013) (internal quotation marks omitted). Section 107 of the Copyright Act sets forth specific instances of use of a copyrighted work that, notwithstanding the provisions of sections 106 and 106A, is not an infringement of copyright. 17 U.S.C.A. § 107. Specifically, section 107 lists purposes "such as criticism, comment, news reporting, teaching, scholarship, or research" as fair uses not constituting copyright infringement. *Id.* Yet, Defendant does not and cannot point to any such purpose here. Indeed, Defendant's sole purpose for infringing Plaintiff's copyright was to obtain Plaintiff's film without paying for it.

Further, to negate fair use one need only show that if the challenged use "should become widespread, it would adversely affect the *potential* market for the copyrighted work." *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S., at 451, 104 S.Ct., at 793 (emphasis added); *id.,* at 484, and n. 36, 104 S.Ct., at 810, and n. 36 (collecting cases) (dissenting opinion). This inquiry must take account not only of harm to the original but also of harm to the market for derivative works. See *Iowa State University Research Foundation, Inc. v. American Broadcasting Cos.,* 621 F.2d 57 (CA2 1980). "If the defendant's work adversely affects the value of any of the rights in the copyrighted work (in this case the adaptation [and serialization] right) the use is not

9

fair." 3 Nimmer § 13.05[B], at 13–77—13–78 (footnote omitted).*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 568, 105 S. Ct. 2218, 2234, 85 L. Ed. 2d 588 (1985). Here, Defendant's use is to deprive Plaintiff's ability to use its copyrights for commercial gain. Indeed, if third parties were permitted to download Plaintiff's movies for free and such practice became widespread, there is no doubt such use would affect the potential market for the copyrighted work. As such, Defendant's affirmative defense of fair use fails and should be stricken.

### IV.     CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

Dated: June 22, 2020               Respectfully submitted,

By:     /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)